UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CADE DELINO ET AL** | **CASE NO. 2:22-CV-05756** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED PROPERTY & CASUALTY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "United Property & Casualty Insurance Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (Doc. 4). No opposition to the motion has been filed, and the time for doing so has now lapsed.

## INTRODUCTION

On August 27, 2020, Hurricane Laura made landfall near Sulphur, Louisiana, allegedly causing damage to Cade and Jennie Delino's home.[1] During the relevant time period, Defendant United Property & Casualty Insurance Company ("UPC") insured the premises.[2] Plaintiffs claim to have timely complied with all of their duties under the policy.[3]

UPC made several investigations into the loss, and Plaintiffs hired a residential contractor, licensed public adjuster, and licensed engineer to provide reports to UPC.[4] Plaintiffs allege that UPC has failed to pay Plaintiffs' covered losses and continues to deny

---

[1] Petition for Damages, ¶ 3, Doc. 1.
[2] *Id.* ¶ 4.
[3] *Id.* ¶ 9.
[4] *Id.* ¶¶ 10–11.

coverage.[5] UPC moves to dismiss Plaintiffs' Louisiana Unfair Trade Practices Act claims.[6] Plaintiffs have filed no opposition to the motion.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

---

[5] *Id.* ¶ 11.
[6] See Petition for Damages, ¶¶ 14–15, Doc. 1.

## LAW AND ANALYSIS

UPC complains that the alleged unfair trade practices at issue in this case are outside the scope of the Louisiana Unfair Trade Practices Act ("LUTPA") because they involve insurance and thus, are within the jurisdiction of the commissioner of insurance.[7] According to the statute's plain language, LUTPA shall not apply to "actions or transactions subject to the jurisdiction of the . . . insurance commissioner." La. R.S. 51:1406. The Louisiana Insurance Code specifically dictates: "It shall be the duty of the commissioner of insurance to administer the provisions of this Code." La. R.S. 22:2. The Code prohibits "any trade practice which is defined in this Part to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance." *Id.* at § 1963.

After reviewing section 1964 of the Louisiana Insurance Code,[8] Plaintiff's petition for damages (which specifically claims UPC violated section 1964), and the UPC's brief, the Court finds that Plaintiffs' claims in paragraphs 14–15 of the petition for damages are claims of unfair trade practices that fall within the insurance commissioner's jurisdiction. Therefore, LUTPA does not apply here. Furthermore, even if LUTPA did apply, Fifth Circuit precedent instructs that LUTPA does not provide for a private cause of action against insurance companies. *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (citing *Clausen v. Fidelity & Deposit Co. of Md.*, 660 So. 2d 83, 86 (La. App. 1 Cir. 8/4/95)). Thus, Plaintiffs' LUTPA claims must be dismissed.

---

[7] Defendant's memorandum, p. 2, Doc. 4.
[8] La. R.S. 22:1964 defines unfair or deceptive acts.

## CONCLUSION

For the reasons set forth herein, United Property & Casualty Insurance Company's Partial Motion to Dismiss Plaintiffs' Louisiana Unfair Trade Practices Act claims (Doc. 4) will be granted, dismissing with prejudice all claims alleged by Plaintiffs in Paragraphs 14–15 of the Petition for Damages.

**THUS DONE AND SIGNED** in Chambers on this 21st November 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**